UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 04-80158-CIV-DIMITROULEAS

JOSEPH AND PATRICIA MARRARI, on )
behalf of themselves and all others )
similarly situated, )
)
    Plaintiffs, )
)
vs. )
)
MEDICAL STAFFING NETWORK )
HOLDINGS, INC., *et al.*, )
)
    Defendants. )
_____ )
)

## JOINT MOTION FOR PRELIMINARY APPROVAL
## AND INCORPORATED MEMORANDUM OF LAW

Lead Plaintiff and Defendants hereby move the Court, pursuant to Fed. R. Civ. P. 23(e), for an order: (1) preliminarily approving the proposed settlement in this action ("Settlement") as memorialized in the accompanying Stipulation and Agreement of Settlement ("Stipulation"); (2) approving the form of Class notice described in the Notice of Pendency and Proposed Settlement of Class Action, attached to the Stipulation as Exhibit A-1; (3) approving the form of the Summary Notice, attached to the Stipulation as Exhibit A-3 and (4) scheduling a hearing to determine whether the Settlement should be given final approval ("Settlement Hearing") and establish dates for submission of proofs of claim, dissemination of the Class notice, and other relevant deadlines.

The following is a proposed timetable to help the Court establish the necessary deadlines in the Preliminary Order:

| **Event** | **Proposed Deadline** |
|---|---|
| Mailing of Notice (*see* Prelim. Order ¶4(a)) | 30 days after entry of Preliminary Order |
| Summary Notice Publication (*see* Prelim. Order ¶4(b)) | 10 days after mailing of the Notice |
| Proof of Publication and Mailing of Notice (*see* Prelim. Order ¶4(c)) | 7 days prior to the Settlement Hearing |
| Filing Requests for Exclusion (*see* Prelim. Order ¶10) | 14 days prior to the Settlement Hearing |
| Filing Objections (*see* Prelim. Order ¶11) | 14 days prior to the Settlement Hearing |
| Settlement Hearing (*see* Prelim. Order ¶3) | At least 90 days after entry of Preliminary Order |
| Deadline for Proofs of Claim (*see* Prelim. Order ¶8) | 120 days from Notice Date |

## MEMORANDUM OF LAW

The parties have negotiated a Settlement of the claims asserted on behalf of all persons who purchased or otherwise acquired securities of Medical Staffing Network Holdings, Inc. ("MSN") between April 18, 2002 and June 16, 2003, inclusive. The Settlement amount of $5 million in cash represents a significant recovery for shareholders of MSN, as alleged in Lead Plaintiff's Consolidated Amended Class Action Complaint. Although Lead Plaintiff believes in the merits of case, he certainly recognizes that he would face serious obstacles in establishing liability and damages should this case proceed to trial. Even if this case were to proceed to trial, Defendants could appeal any judgment favorable to the Class, delaying any recovery to Class Members. Defendants deny each and all of the claims and contentions alleged by Lead Plaintiff. Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

The accompanying Stipulation has exhibits attached, including: a (1) Preliminary Order approving settlement and directing notice to the Class ("Preliminary Order") as Exhibit A; (2) Notice of Pendency and Proposed Settlement of Class Action ("Notice") as Exhibit A-1; (3) Proof of Claim and Release ("Proof of Claim") as Exhibit A-2; (4) Summary Notice ("Publication Notice") as Exhibit A-3; and (5) proposed Final Judgment and Order of Dismissal as Exhibit B. For the Court's convenience, a separate copy of the Preliminary Order is attached hereto as Exhibit A.

The Preliminary Order provides for the members of the Class to be apprised of the terms of the Settlement by disseminating the Notice *via* first-class mail to all Class Members who can be identified through reasonable and customary efforts and by publishing the Publication Notice in the national newswire *PR Newswire* and in *Investor's Business Daily*. The Preliminary Order also establishes deadlines for the following events necessary to consummate the

Settlement: (1) mailing the Notice; (2) publication of the Publication Notice; (3) Class Members' requests for exclusion from the Class; (4) filing objections to the terms of the Settlement, the Plan of Allocation of the Settlement proceeds, (5) filing Proofs of Claim by Class Members; and (6) filing of papers for final approval of the Settlement.

### 1. Lead Plaintiff Believes That the Settlement of the Action Is in the Best Interest of the Class

Federal Rule of Civil Procedure 23(e) requires court approval for any compromise of a class action. In determining whether to approve the Settlement, the Court should be guided by the "strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." *Bennett v. Behring*, 737 F.2d 982, 986 (11th Cir. 1984). "Federal Courts look with great favor upon the voluntary resolution of litigation through settlement . . . . This rule has particular force regarding class action lawsuits." *Airline Stewards & Stewardesses Ass'n Local 550 v. Trans World Airlines, Inc.*, 630 F.2d 1164, 1166-67 (7th Cir. 1980) (citations omitted). Settlements of class actions are "highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and preventing lawsuits." *Bennett v. Behring*, 96 F.R.D. 343, 348 (S.D. Fla. 1982) (citation omitted). The complexity and size of class actions warrant this approach:

> In the class action context in particular, "there is an overriding public interest in favor of settlement." *Cotton v. Hinton*, 559 F .2d 1326, 1331 (5th Cir. 1977). Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources. *Id.*

*Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 313 (7th Cir. 1980). There is also a "strong initial presumption that the compromise is fair and reasonable." *In re Saxon Sec. Litig.*, No. 82 Civ 3103, 1985 U.S. Dist. LEXIS 14305, at *15 (S.D.N.Y. Oct. 31, 1985).

The parties here have memorialized their agreement to settle this action in the Stipulation, which is being filed with this motion. The Stipulation contains all the material terms of the

4

Settlement, including, among other things, the manner and form of notice to the Class and the contingencies or conditions to the Settlement's final approval. The Lead Plaintiff believes that the Settlement is in the best interest of the Class.

### 2. The Proposed Notice Is Adequate

The parties have negotiated the form of the Notice and the Publication Notice to notify the Class of the terms of the Settlement, the Class Members' rights in connection with the Settlement, and the date of the Settlement Hearing for final approval by the Court. The Notice, which will be sent by mail to Class Members, has been carefully drafted to comply with the provisions of the Private Securities Litigation Reform Act of 1995. *See* 15 U.S.C. § 78u-4(a)(7). Along with the Notice, Class Members will receive a Proof of Claim form on which to provide their purchase and sale information for their MSN securities. Class Members who wish to share in the Settlement proceeds will complete and mail their Proofs of Claim to RSM McGladrey, Inc., the claims administrator retained by Plaintiff's Lead Counsel.

The parties have agreed to use the traditional methods for notifying Class Members of the Settlement: notification by mail and by publication in a national newspaper focusing on investors. Upon entry of the Preliminary Order, the claims administrator will mail the Notice and the Proof of Claim forms to Class Members who can be identified from stock transfer records.[1] Lead Counsel will cause the Publication Notice to be published in *PR Newswire* and *Investor's Business Daily*. Notice by mail and by publication satisfies the requirements of due process in this type of litigation. *See, e.g., In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534, 550-51 (N.D. Ga. 1992) (notice by mail to class members who could be identified and by publication to those who could not be identified satisfies due process requirements).

---

[1] The Preliminary Order provides that nominees who purchased MSN securities on behalf of beneficial owners shall send the Notice and Proofs of Claim to those beneficial owners upon the receipt of such documents. (Prelim. Order ¶5) This provision ensures that brokers or other entities who purchased MSN securities for others will forward the documents to the beneficial owners, who are the appropriate signatories to the Proof of Claim forms.

Upon notification of the Settlement, Class Members have three choices: (1) approve the Settlement and share in the Settlement proceeds by submitting a Proof of Claim; (2) exclude themselves from the Settlement by "opting out" of the Class, in which case they will not participate in the Settlement recovery and will retain their individual claims against Defendants; or (3) disapprove of the Settlement and/or the attorneys' fee and expense petition by objecting to its terms. To participate in the Settlement, Class Members must submit their Proofs of Claim within the time specified in the Preliminary Order. Class Members who wish to exclude themselves from the Settlement must submit a timely request for exclusion. Class Members who wish to object to the Settlement must file and serve a notice of their intention to appear and object. Objectors can submit a memorandum of law in opposition to the Settlement and can appear before the Court at the Settlement Hearing. This Court should find that the Notice and the procedures for its dissemination are reasonably calculated to provide notice of the Settlement to the Class.

### 3. The Settlement Should Be Preliminarily Approved

Approval of the Settlement is at the discretion of the Court. *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991). To approve preliminarily the Settlement, the Court must determine whether the Settlement is in the best interests of those whose claims will be extinguished. *Id.* The Court should examine whether there is a probability that the Settlement could be finally approved, warranting notification to the Class. *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994). The Court must "determine that the settlement is neither illegal nor collusive." *In re S. Ohio Corr. Facility*, 173 F.R.D. 205, 211 (S.D. Ohio 1997). However, courts should exercise restraint in examining a proposed settlement and recognize that "[s]ettlements, by definition, are compromises which 'need not satisfy every single concern of the plaintiff class, but may fall anywhere within a broad range of upper and

lower limits.'" *In re Saxon*, 1985 U.S. Dist. LEXIS 14305, at *14 (citations omitted). In addition, a court should not engage in a trial of the merits when considering the propriety of the settlement:

> The trial court should not . . . turn the settlement hearing into a trial or a rehearsal of the trial nor need it reach any dispositive conclusions on the admittedly unsettled legal issues in the case. It is not part of its duty in approving a settlement to establish that as a matter of legal certainty . . . the subject claim or counterclaim is or is not worthless or valuable.

*Flinn v. EMC Corp.*, 528 F.2d 1169, 1172-73 (4th Cir. 1975) (internal quotations and citations omitted) (granting final approval to settlement).

The Settlement is a product of extensive arm's-length negotiation between counsel for the parties. The negotiations extended over a period of time, and the parties made concessions and won positions on difficult and hard-fought issues. Therefore, the Settlement should be preliminarily approved.

At the Settlement Hearing, Class Members who have timely filed and served their notices of intention to appear may voice their objections. The Court can then consider the merits of the Settlement in light of any objections and determine whether to grant final approval of the Settlement. Plainitff's Lead Counsel will have submitted briefs and other documents in support of the Settlement and in support of their request for attorneys' fees and reimbursement of expenses, and the Court will be asked to determine the appropriate amounts to be awarded. If the Court finds the Settlement fair and reasonable, the Court should enter the Final Judgment and Order of Dismissal with Prejudice, dismissing this action and effecting a release of all claims as provided for in the Stipulation.

### 4. Conclusion

The parties respectfully request that this Court enter Exhibit A hereto, find preliminarily that the Settlement is reasonable and fair, and that notification to the Class Members of the terms of the Settlement and of their rights in connection with the Settlement is warranted.

| s/Stanley H. Wakshlag | s/Jack Reise |
|---|---|
| **KENNY NACHWALTER, P.A.** | **LERACH COUGHLIN STOIA GELLER** |
| STANLEY H. WAKSHLAG | **RUDMAN & ROBBINS LLP** |
| Florida Bar No. 266264 | PAUL J. GELLER |
| HARRY R. SCHAFER | Fla. Bar No. 984795 |
| Fla. Bar No. 508667 | JACK REISE |
| 201 South Biscayne Boulevard, Suite 1100 | Fla. Bar No. 058149 |
| Miami, FL 33131 | 120 East Palmetto Park Road, Suite 500 |
| Tel (305) 373-1000 | Boca Raton, FL 33432 |
| Fax (305) 372-1861 | Tel. 561-750-3000 |
| | Fax 561-750-3364 |
| and | |
| | *Plaintiff's Lead Counsel* |
| **WILLKIE FARR & GALLAGHER LLP** | |
| STEPHEN W. GREINER (*pro hac*) | |
| SAMEER ADVANI (*pro hac*) | |
| 787 Seventh Avenue | |
| New York, NY 10019 | |
| Tel (212) 728-8000 | |
| Fax (212) 728-9111 | |

*Counsel for Defendants*

G:\jreise\Medical Staffing\MOT Prelim App final.doc