UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 04-80158-CIV-DIMITROULEAS

JOSEPH AND PATRICIA MARRARI, on behalf )
of themselves and all others similarly situated, )
)
    Plaintiffs, )
)
vs. )
)
MEDICAL STAFFING NETWORK )
HOLDINGS, INC., *et al.*, )
)
    Defendants. )
_____ )
)
)

ORDER PRELIMINARILY APPROVING SETTLEMENT, PROVIDING FOR

NOTICE AND SETTING HEARING DATE

THIS CAUSE is before the Court upon the parties' Joint Motion for Preliminary Approval and Incorporated Memorandum of Law [DE 115]. The Court has carefully considered this Motion, the accompanying Stipulation, and is otherwise fully advised in the premises.

On September 2, 2005, the Plaintiff in this case filed the Consolidated Amended Class Action

Complaint [DE 24]. By Order dated May 15, 2006, the Court certified a Class consisting of all Persons who purchased or otherwise acquired Medical Staffing Network Holdings, Inc. common stock between October 29, 2002 and June 16, 2003, inclusive, and were damaged thereby, and/or all persons who acquired Medical Staffing Network Holdings, Inc. common stock pursuant or traceable to its Registration Statement and Prospectus issued in connection with its April 18, 2002 initial public offering, and were damaged thereby [DE 87]. Excluded from the Class are Defendants and members of each individual defendants' immediate family, any entity in which a Defendant has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. Also excluded from the Class are those Persons who have submitted a valid request to be excluded from the Class pursuant to the Notice of Pendency of Class Action dated July 17, 2006 or who submit a valid and timely request to be excluded from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

In the instant motion the parties seek preliminary approval from the court of the terms contained in the stipulation.

Accordingly it is **ORDERED AND ADJUDGED** as follows:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, as within the range of possible approval, subject to further consideration and final approval at the Settlement Hearing described below.

2. The Court approves, as to form and content, the "Notice of Pendency and Proposed Settlement of Class Action" (the "Notice"), the "Proof of Claim and Release," (the "Proof of Claim"), and the "Summary Notice" annexed as Exhibits A-1, A-2 and A-3 to the Stipulation, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice

substantially in the manner and form set forth in paragraphs 4-5 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

3.      A hearing (the "Settlement Hearing") shall be held before this Court on March 2, 2007, at 10:30 A.M., at the United States Courthouse, 299 East Broward Blvd., Courtroom 205B, Fort Lauderdale, Florida., to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, just, reasonable and adequate to the Settling Parties and the Class and should be approved by the Court; whether a Judgment as provided in paragraph 1.12 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; to determine the amount of fees and expenses that should be awarded to Plaintiff's Lead Counsel; and to determine whether to approve the proposed Bar Order. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

4.      The Court appoints RSM McGladrey, Inc. to act as claims administrator for the Settlement Fund ("Claims Administrator") and to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

a.      Not later than thirty (30) days from the date of this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the form annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to those Class Members who can be identified by Lead Plaintiff with reasonable effort from the transfer records provided to Lead Plaintiff by the Defendants;

b.      Within ten (10) days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published in substantially the form attached as Exhibit A-3 hereto, once in the national edition of *Investors Business Daily*; and one time over the internet *via Business Wire* or *PR*

*Newswire*; and

      c.     At least seven (7) days prior to the Settlement Hearing, Plaintiff's Lead Counsel shall serve on Defendants' Counsel and file with the Court, proof, by affidavit or declaration, of such mailing and publishing.

      5.     Brokers and other nominees who purchased common stock of MSN for the benefit of another (the "Beneficial Owners") between April 18, 2002 and June 16, 2003, inclusive, shall send the Notice and the Proof of Claim to the Beneficial Owners of such MSN stock within ten days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such Beneficial Owners. Any such nominee that elects to mail Proofs of Claim directly to the Beneficial Owners shall mail to the Claims Administrator a statement confirming that such a mailing was made and stating the number of Proofs of Claim mailed. If requested, Plaintiff's Lead Counsel shall, through the Claims Administrator, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to Beneficial Owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court, with respect to any dispute concerning such compensation.

      6.     All Members of the Class who have not previously submitted a valid request for exclusion or do not submit a valid or timely request for exclusion in accordance with ¶10 below, shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class.

      7.     Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim form in accordance with the instructions contained therein. Unless the Court orders

otherwise, all Proof of Claim forms must be postmarked no later than 120 days from the Notice Date (or the first business day thereafter if the 120th day falls on a weekend day or national holiday), or such other date thereafter as may be approved by the Court. Any Class Member who does not timely submit a Proof of Claim (or request for exclusion) shall not only be barred from sharing in the distribution of the proceeds of the Settlement Fund, but shall also be bound by all determinations and judgments in the action concerning the Settlement, whether favorable or unfavorable to the Class, unless otherwise ordered by the Court.

8. Any Member of the Class may enter an appearance in the Litigation, individually or through counsel of their own choice, at their own expense. If they do not enter an appearance, they will be represented by Plaintiff's Lead Counsel.

9. Pending final determination of whether the Settlement should be approved, (a) all proceedings in this Litigation unrelated to the Settlement shall be stayed, and (b) neither the Lead Plaintiff nor any Class Member, either directly, representatively, derivatively, or in any other capacity, shall commence or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

10. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than 14 days prior to the date of the Settlement Hearing. A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of MSN common stock made during the Class Period, including the dates, number of shares, and the price paid or received per share for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this

paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

11. Any member of the Class may appear at the Settlement Hearing and show cause (if he, she or its has any) (1) why the proposed settlement of the Litigation should or should not be approved as fair, just, reasonable and adequate; (2) why a judgment should or should not be entered thereon; (3) why the Plan of Allocation should or should not be approved; or (4) why attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel and/or expenses should not be awarded to Lead Plaintiff. However, no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or the expenses awarded to Lead Plaintiff, unless that Person has: (a) served written objections and copies of any papers and briefs, no fewer than 14 calendar days prior to the date of the Settlement Hearing on the following: Jack Reise, Esq., Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 120 East Palmetto Park Road, Suite 500, Boca Raton, Florida 33432, Stanley H. Wakshlag, Esq., Kenny Nachwalter, P.A., 201 South Biscayne Boulevard, Suite 1100, Miami, FL 33131, and Stephen W. Greiner, Esq., Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019; and (b) filed said written objections, papers and briefs with the Clerk of the United States District Court for the Southern District of Florida, 299 East Broward Boulevard, Room 108, Ft. Lauderdale, FL 33301, no fewer than 14 days prior to the Settlement Hearing. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Stipulation, to the Judgment, to the Plan of Allocation, to the award

of attorneys' fees and reimbursement of expenses to Plaintiff's Lead Counsel, and/or to the award of expenses to Lead Plaintiff, unless otherwise ordered by the Court.

12. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No Person that is not a Class Member or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

13. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14. All papers in support of the settlement, Plan of Allocation, any application by Plaintiff's Lead Counsel for attorneys' fees or reimbursement of expenses and any application for an award of expenses to Lead Plaintiff shall be filed and served seven calendar days prior to the Settlement Hearing.

15. Neither the Defendants nor Defendants' Counsel shall have any responsibility for the Plan of Allocation, any application for attorneys' fees or reimbursement of expenses submitted by Plaintiff's Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

16. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiff's Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

17. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead

Plaintiff nor Plaintiff's Lead Counsel shall have any obligation to repay any Notice and Administrative Costs except as provided for in the Stipulation.

18. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as: (1) an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or any liability, fault, or wrongdoing of any kind; or (2) an admission or concession by Lead Plaintiff and/or the Class of any infirmity in the claims asserted in the Litigation.

19. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and it retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of December, 2006.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Maya S. Saxena, Esq.
Jack Reise, Esq.
Johnathan H. Stein, Esq.
Marc A. Topaz, Esq.
Paul J. Geller, Esq.
Samuel H. Rudman, Esq.
Julie P. Vinale, Esq.
Adam J. Hodkin, Esq.

Harry R. Schafer, Esq.
Sameer Advani, Esq.
Stanley H. Wakshlag, Esq.
Stephen W. Greiner, Esq.