UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-80158-CIV-DIMITROULEAS

JOSEPH AND PATRICIA MARRARI, on
behalf of themselves and all others similarly
situated,

Magistrate Judge Seltzer

    Plaintiffs,
vs.

MEDICAL STAFFING NETWORK
HOLDINGS, INC., et al.,

    Defendants.
_____/

## FINAL JUDGMENT AND ORDER OF DISMISSAL

THIS CAUSE is before the Court for hearing on March 2, 2007 (the "Settlement Hearing") pursuant to the Order of this Court, dated December 13, 2006, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement filed on December 12, 2006 (the "Stipulation").  Due and adequate notice complying with Federal Rule of Civil Procedure 23 and the requirements of due process having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein, having heard and considered the argument of all those present and qualified to be heard and seeking to be heard, and otherwise being fully informed in the premises and good cause appearing therefore, it is hereby **ORDERED, ADJUDGED** as follows that:

    1.    The Court takes notice that the parties hereto have entered into a settlement embodied in the Stipulation, which was filed with the Court on December 12, 2006.  This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including the Class Representatives, all Members of the Class, and Defendants.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court, by Order dated May 15, 2006, certified two classes: (a) a "10b-5" class consisting of all investors who purchased or otherwise acquired Medical Staffing Network Holdings Incorporated's ("MSN") common stock between October 29, 2002 and June 16, 2003, inclusive; and (b) a "Section 11 Class" that includes all investors who acquired shares of MSN's common stock pursuant or traceable to the IPO Registration Statement and Prospectus issued in connection with MSN's April 18, 2002 Initial Public Offering. Excluded from the Classes were Defendants herein and members of each Individual Defendant's family, any entity in which a Defendant has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party.

4. The Court finds: (a) that the Notice of Pendency and Proposed Settlement of Class Action, Proof of Claim and Release, and publication of Summary Notice, as provided for in this Court's order dated December 13, 2006, including the individual notice to all Members of the Class who could be identified through reasonable effort, constitute the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed settlement embodied in the Stipulation, the Plan of Allocation, and Lead Counsel's right to apply for attorneys' fees and reimbursement of expenses associated with the Litigation, and of the right of Class Members to object thereto; (b) that said Notice fully satisfies the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process; and (c) that a full and fair opportunity was accorded to all Persons who are Class Members to be heard with respect to the foregoing matters.

5. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court approves the Settlement, as embodied in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable and adequate. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the Class Members, and Defendants. Accordingly, the settlement embodied in the Stipulation is hereby approved and shall be consummated in accordance with the terms and provisions of the Stipulation.

6. The Court finds that the proposed Plan of Allocation of the Settlement Fund to Class Members, as set forth in the Notice of Pendency is, in all respects, fair, reasonable and adequate and the Court hereby approves the Plan of Allocation. This Court further finds that the formula for the calculation of the claims of Authorized Claimants which is set forth in the Notice of Pendency sent to the Class Members, provides a fair, reasonable and adequate basis upon which to allocate among Class Members the proceeds of the Settlement Fund established by the Stipulation, with due consideration having been given to administrative convenience and necessity. Accordingly, the parties to the Stipulation are hereby directed to consummate and perform the terms of the Plan of Allocation. Neither the Plan of Allocation submitted by Lead Counsel nor any order entered regarding the attorneys' fees application shall in any way disturb or affect this Judgment and each shall be considered separate from this Judgment.

7. Except as to any individual claims of those Persons who have filed timely and valid requests for exclusion and who are identified in Exhibit 1 attached hereto, the Litigation is hereby dismissed on the merits with prejudice as to all Defendants, without costs to any party as against any other party, except as otherwise provided in the Stipulation. The Persons identified in Exhibit 1 shall

be referred to herein as "Excluded Persons." Excluded Persons shall have no rights under the Stipulation or this Judgment, shall not share in the distribution of the Settlement Fund, shall not be bound by the Stipulation or this Judgment, and shall be left, as to the Released Persons and Released Claims, only to their individual remedies.

8. Upon the Effective Date hereof, the Lead Plaintiff and each of the Class Members, whether or not such Class Member executes and delivers a Proof of Claim and Release, shall be deemed to have, and by operation of this Judgment are, fully, finally, and forever enjoined and barred from commencing, instituting or prosecuting, either directly, derivatively, representatively or in any other capacity, a class action or any other action against any of the Released Persons, past and present, with respect to, based on, arising from or related to any and all Released Claims or causes of action, including Unknown Claims, that have been or might have been asserted by the Class Representatives or the Class Members, or any of them, against Defendants, or any of them, based upon or related to the purchase or acquisition of MSN common stock between October 29, 2002 and June 16, 2003, inclusive; and/or the acquisition of shares of MSN's common stock pursuant or traceable to the IPO Registration Statement and Prospectus issued in connection with MSN's April 18, 2002 Initial Public Offering, or to the facts, transactions, events, occurrences, acts or omissions which were or could have been alleged in the Litigation.

9. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and Lead Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

10. This Judgment constitutes the final discharge of all obligations to the Class Members of each Defendant herein arising out of the Litigation. All future claims for contribution arising out of the Litigation (a) by any person against any Defendant herein, and (b) by any Defendant against any person, other than another Defendant herein, are hereby barred forever.

11. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of the Defendants, or (c) any fault or omission of any of the Defendants, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendants may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good-faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) the disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation and this Judgment.

13. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14. Lead Counsel are hereby awarded $1,500,000.00, which represents 30% of the

Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $250,000.00 in reimbursement of expenses, which expenses shall be paid to Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiff's Counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates Lead Counsel for their contributions in the prosecution of the Action. In addition, Lead Plaintiff is awarded $5,000.00 pursuant to 15 U.S.C. §78u-4(a)(4).

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation. In the event that this Judgment becomes null and void by operation of this ¶15, all remaining funds in the Settlement Fund shall be returned by the Escrow Agent in accordance with the Stipulation.

16. All pending motions are hereby denied as moot.

17. The Clerk shall close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of March, 2007.

WILLIAM P. DIMITROULEAS
United States District Judge

EXHIBIT 1

The following individuals have filed timely and valid requests for exclusion from the Class and are therefore Excluded Persons:

1. Richard Bryant
2. William and Ellen Kurtz
3. Andrew and Pamela Goldwyn

Copies furnished to:

Maya S. Saxena, Esq.
Jack Reise, Esq.
Stephen R. Astley, Esq.
Jonathan H. Stein, Esq.
Marc A. Topaz, Esq.
Paul J. Geller, Esq.
Samuel H. Rudman, Esq.
Scott L. Adkins, Esq.
Julie P. Vianale, Esq.
Kenneth J. Vinale, Esq.
Adam J. Hodkin, Esq.
Curtis R. Cowan, Esq.
Brian P. Miller, Esq.
Eric A. Greenwald, Esq.
Harry R. Schafer, Esq.
Samantha J. Kavanaugh, Esq.
Sameer Advani, Esq.
Sharon M. Blaskey, Esq.
Stanley H. Wakshlag, Esq.
Stephen W. Greiner, Esq.
Tariq Mundiya, Esq.