Case No. 04-80158-Civ-Dimitrouleas/Torres

JOSEPH AND PATRICIA MARRARI, On Behalf of Themselves and All Others Similarly Situated,

CLASS ACTION

               Plaintiffs,

vs.

MEDICAL STAFFING NETWORK HOLDINGS, INC., et al.,

               Defendants.
_____/

## *AMENDED* FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

THIS CAUSE is before the Court for hearing pursuant to an Order of this Court, dated December 13, 2006, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of December 12, 2006 (the "Stipulation"). Due and adequate notice of the settlement having been given as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, it is **ORDERED AND ADJUDGED** as follows:

    1.    This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

    2.    This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certified a Class comprising all Persons who purchased or otherwise acquired Medical Staffing Network Holdings, Inc. common stock between October 29, 2002 and June 16, 2003, inclusive, and were damaged thereby, and/or all persons who acquired Medical Staffing Network Holdings, Inc. common stock pursuant or traceable to its Registration Statement and Prospectus issued in connection with its April 18, 2002 initial public offering, and were damaged thereby. Excluded from the Class are Defendants and members of each individual defendants' immediate family, any entity in which a Defendant has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. Also excluded from the Class are those Persons who have submitted a valid request to be excluded from the Class pursuant to the Notice of Pendency of Class Action dated July 17, 2006 or who submit a valid and timely request to be excluded from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation, and the Exhibits thereto, and approves the Plan of Allocation set forth in the Notice, and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interest of, the Lead Plaintiff, the Class and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arms' length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the Class Members and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with

its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Class, the Litigation as well as all of the Released Claims and Released Defendants' Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Upon the Effective Date hereof, and in consideration of (a) Defendants' agreement to pay (or have their insurance companies pay) the amount of $5,000,000.00 (the "Cash Settlement Amount"), and (b) Defendants' and their Released Parties' release of Defendants' Released Claims, as set forth in the Stipulation, Lead Plaintiff and each Class Member (and their Released Parties, as defined in the Stipulation) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against Defendants, and each of them, and each of their Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and shall refrain from instituting, commencing, prosecuting, or cooperating with any person to institute, commence or prosecute, either directly or indirectly, representatively, derivatively, or in any other capacity, any and all Released Claims.

7. All Class Members who are not listed on Exhibit 1 hereto are hereby forever barred and enjoined from prosecuting the Released Claims against Defendants and their Released Parties.

8. Upon the Effective Date hereof, and in consideration of the releases to be provided by Lead Plaintiff, the Class, and all members thereof, Defendants, and each of them

(and their Released Parties as defined in the Stipulation), shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Lead Plaintiff, Class Members, Plaintiff's Lead Counsel, Plaintiffs' Counsel and each of them, and each of their Released Parties from all Released Defendants' Claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

9. The Notice of Pendency and Proposed Settlement of Class Action and Summary Notice given to the Class was the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation and the Final Approval Hearing thereon, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

10. The Court hereby approves the Plan of Allocation as set forth in the Notice distributed to the Class.

11. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Lead Plaintiff and the Class, the sufficiency or deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability,

negligence, fault of the Defendants and their Released Parties, or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of the Defendants, or any of their Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed to be or shall be used, offered or received against the Defendants, Lead Plaintiff, the Class and their respective Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of the Released Defendants' Claims, the infirmity or strength of any claims raised in the Litigation, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation; (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Parties and their Released Parties, or each or any of them, that any of the Lead Plaintiff's claims are with or without merit, that damages recoverable under the Lead Plaintiff's operative complaint would have been greater or less than the Cash Settlement Amount or that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial. Any of the Settling Parties or any of their Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. This Judgment constitutes the final discharge of all obligations to the Class Members of each Defendant herein arising out of the Litigation. All future claims for contribution arising out of the Litigation (a) by any person against any Defendant herein, and (b) by any Defendant against any person, other than another Defendant herein, are hereby barred forever.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) determination of applications for attorneys' fees and expenses in the Litigation; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. Plaintiff's Lead Counsel are hereby awarded $1,500,000.00, which represents 30% of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $250,000.00 in reimbursement of expenses, which expenses shall be paid to Plaintiff's Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiff's Counsel in a fashion which, in the opinion of Plaintiff's Lead Counsel, fairly compensates Plaintiff's Counsel for their contributions in the

prosecution of the Action. In addition, Lead Plaintiff is awarded $5,000.00 pursuant to 15 U.S.C. §78u-4(a)(4).

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. All pending motions are hereby denied as moot.

18. The Clerk shall close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of March, 2007.

WILLIAM P. DIMITROULEAS
United States District Judge

EXHIBIT 1

The following individuals have filed timely and valid requests for exclusion from the Class and are therefore Excluded Persons:

1. Richard Bryant
2. William and Ellen Kurtz
3. Andrew and Pamela Goldwyn

Copies furnished to:

Maya S. Saxena, Esq.
Jack Reise, Esq.
Stephen R. Astley, Esq.
Jonathan H. Stein, Esq.
Marc A. Topaz, Esq.
Paul J. Geller, Esq.
Samuel H. Rudman, Esq.
Scott L. Adkins, Esq.
Julie P. Vianale, Esq.
Kenneth J. Vinale, Esq.
Adam J. Hodkin, Esq.
Curtis R. Cowan, Esq.
Brian P. Miller, Esq.
Eric A. Greenwald, Esq.
Harry R. Schafer, Esq.
Samantha J. Kavanaugh, Esq.
Sameer Advani, Esq.
Sharon M. Blaskey, Esq.
Stanley H. Wakshlag, Esq.
Stephen W. Greiner, Esq.
Tariq Mundiya, Esq.